```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN DOE,
                          Plaintiff,             Civil Case No: 18-cv-11528

      -against-

MORGAN STANLEY & CO. LLC,
MORGAN STANLEY SERVICES GROUP INC.,
CARMEN GOMEZ, individually,
LILY CHAN, individually,
JACQUELINE LUCAS, individually,
BRIAN DERBY, individually,
LISA SWEBURG individually,
LAUREN KEIGLER, individually, and
MICHAEL GREY, individually,

                          Defendants.
----------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFF TO PROCEED ANONYMOUSLY

1. I, Abraham Z. Melamed, Esq., an attorney with Derek Smith Law Group, PLLC, attorneys for Plaintiff, am fully familiar with the facts of this case.

2. I respectfully provide this memorandum of law in support of Plaintiff's motion to proceed anonymously as "John Doe" in the herein action.

3. As can be seen from the Complaint (Dkt. 1), this action involves horrible allegations of sexual assault and harassment perpetrated against Plaintiff by the Defendants.

4. The case of *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. N.Y. 2008) reiterated the fact that courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." The Court further stated that it, "now set forth the standard

1

governing the use of pseudonyms in civil litigation in our Circuit," and that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."  The factors set forth by the Court are included below, along with an explanation as to how these factors apply to the Plaintiff in the instant case:

- **(a)** *whether the litigation involves matters that are "highly sensitive and [of a] personal nature.*
  - i. The matters in the present case involve matters of sexual assault and verbal sexual abuse.  These matters are highly sensitive and of a personal nature by any standard.
- **(b)** *whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties.*
  - i. Plaintiff's allegations are so horrid and he is a victim of such extensive sexual abuse that for all of his colleagues and acquaintances to know that he was so badly sexually abused would only serve to further victimize Plaintiff.  He would be associated with the shame that many men endure after having been victims of sexual abuse.
- **(c)** *whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.*

      i.  Plaintiff, as a victim of sexual abuse assault, should be entitled to privacy, and revealing his true identity would only add to his emotional distress, for which he is currently suing as one of the damages he has incurred.

**(d)** *whether the plaintiff is particularly vulnerable to the possible harms of disclosure.*

      i.  Plaintiff, as a victim of sexual abuse and assault, should be entitled to privacy, and revealing his true identity would only add to his emotional distress for which he is currently suing as one of the damages he has incurred.

**(e)** *whether the suit is challenging the actions of the government or that of private parties.*

      i.  Not Applicable.

**(f)** *whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.*

      i.  Defendants should not suffer any prejudice from Plaintiff proceeding anonymously. The Defendants may defend this action equally as well as if Plaintiff proceeded under his real name.

**(g)** *whether the plaintiff's identity has thus far been kept confidential.*

      i.  Plaintiff's identity has thus far been kept confidential since this action was commenced.

    **(h)** *whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.*

        i. It is respectfully submitted that due to the egregiousness of the Defendants conduct and the sexual abuse and assault Plaintiff endured, this is an exception to the rule that the public has an interest in the litigation.

    **(i)** *whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.*

        i. This matter does not involve government actions or any changes in public or governmental policy. As such, there is a weak public interest in revealing Plaintiff's name.

    **(j)** *whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.*

        i. I am not aware of any other mechanism for protecting the confidentiality of Plaintiff.

The above factors, as set forth in *Sealed Plaintiff v. Sealed Defendant* 537 F.3d 185, 188-191 (2d Cir. N.Y. 2008), clearly demonstrate that Plaintiff should be entitled to proceed as a John Doe in the present case.

WHEREFORE, In light of the extreme sexual abuse and assault incurred by Plaintiff, and in consideration of the above factors, it is respectfully requested that Plaintiff be allowed to continue to proceed anonymously.

Dated: December 11, 2018
    New York, New York

5

                              DEREK SMITH LAW GROUP, PLLC
                                    *Attorneys for Plaintiff*

By:       /s/ Abe Melamed
                Abraham Z. Melamed, Esq.
                1 Penn Plaza, Suite 4905
                New York, New York 10119
                (212) 587-0760