# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br>           Plaintiff,<br><br>-against-<br><br>MORGAN STANLEY & CO. LLC,<br>MORGAN STANLEY SERVICES GROUP INC.,<br>CARMEN GOMEZ, individually,<br>LILY CHAN, individually,<br>JACQUELINE LUCAS, individually,<br>BRIAN DERBY, individually,<br>LISA SWEBERG individually,<br>LAUREN KEIGLER, individually, and<br>MICHAEL GREY, individually,<br><br>           Defendants. | Civil Case No: 18-cv-11528<br><br>Oral Argument Requested For<br>February 6, 2019 |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Sam S. Shaulson (NY ID 2611457)
Thomas A. Linthorst (NY ID 3991437)
Kimberley E. Lunetta (NY ID 4421301)
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: 212-309-6000
Fax: 212-309-6001
sam.shaulson@morganlewis.com
thomas.linthorst@morganlewis.com
kimberley.lunetta@morganlewis.com

Dated: January 18, 2019                            *Attorneys for Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    A.    This Matter Is Not Sufficiently Sensitive or Personal to Justify Anonymity. ................................................................................................... 5

    B.    Plaintiff Has Not Established That He Will Suffer Any Harm As A Result Of Proceeding Under His Real Name. ................................................... 6

    C.    Proceeding Anonymously Is Not Appropriate When Plaintiff Is Suing Private Parties That He Has Named. ........................................................... 9

    D.    Permitting Plaintiff to Proceed Anonymously Would Unfairly Prejudice Defendants and Compromise the Public's Interest in Fairness. ........................... 10

    E.    The Public's Interest In Open Judicial Proceedings Weighs Against Plaintiff's Request to Proceed Anonymously. ............................................ 13

    F.    There Is An Alternative Mechanism To Protect Any Actual Privacy Interests That May Arise In The Litigation. .............................................. 13

CONCLUSION ............................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

Doe H. v. Haskell Indian Nations Univ.,
  266 F. Supp. 3d 1277 (D. Kan. 2017) ................................................................................... 5

Doe v. Atchison Hosp. Ass'n,
  No. 17-2664-JAR, 2018 WL 324259 (D. Kan. Jan. 8, 2018) ........................................... 8, 14

Doe v. City of New York,
  201 F.R.D. 100 (S.D.N.Y. 2001) ......................................................................................... 11

Doe v. Del Rio,
  241 F.R.D. 154 (S.D.N.Y. 2006) (Lynch, J.) ................................................................. passim

Doe v. Delta Airlines, Inc.,
  310 F.R.D. 222 (S.D.N.Y. Oct. 2, 2015) ( Engelmayer, J.), aff'd, 672 F. App'x
  48 (2nd Cir. 2016) ........................................................................................................... 7, 11

Doe v. Fedcap Rehab. Servs.,
  No. 17-CV-8220 (JPO), 2018 U.S. Dist. LEXIS 71174 (S.D.N.Y. April 27,
  2018) (Oetken, J.) ................................................................................................... 3, 11, 12

Doe v. Frank,
  951 F.2d 320 (11th Cir. 1992) .......................................................................................... 9, 10

Doe v. Shakur,
  164 F.R.D. 359 (S.D.N.Y. 1996) (Chin, J.) .............................................................. 5, 7, 8, 11

Doe v. Town of Madison,
  No. 3:09-CV-2005 (JCH), 2010 WL 1330411 (D. Conn. Mar. 31, 2010) ............................. 8

M.M. v. Zavaras,
  139 F.3d 798 (10th Cir. 1998) ........................................................................................... 6, 7

Osrecovery, Inc. v. One Groupe Int'l, Inc.,
  No. 02 Civ. 8993 (LAK), 2003 WL 23313 (S.D.N.Y. Jan. 3, 2003) (Kaplan,
  J.) ......................................................................................................................................... 12

Sealed Plaintiff v. Sealed Defendant,
  537 F.3d 185 (2d Cir. 2008) .......................................................................................... passim

S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d
  707 (5th Cir. 1979) ................................................................................................................ 9

# TABLE OF AUTHORITIES
# (continued)

**Page(s)**

**FEDERAL STATUTES**

Gender-Motivated Violence Protection Act ...................................................................................2

**RULES**

Fed. R. Civ. P. Rule 8(a)(2) ............................................................................................................9

Fed. R. Civ. P. Rule 10(a)..........................................................................................................1, 3

**CONSTITUTIONAL PROVISIONS**

United States Constitution First Amendment ..............................................................................1, 3

## PRELIMINARY STATEMENT

Plaintiff is a former employee of Morgan Stanley & Co. LLC who has brought claims for race, national origin, religious, and sexual orientation discrimination, sexual harassment, retaliation, and a variety of torts against two Morgan Stanley entities and seven individual Defendants.  Despite having publicly named the seven individual Defendants and smeared their reputations through a variety of false allegations, Plaintiff now seeks leave to proceed anonymously under a pseudonym.  The Court should deny Plaintiff's request because he has failed to meet his burden to overcome the strong presumption that he should proceed under his real name.

The requirement that all parties to federal court litigation proceed under their real names, which is found in Rule 10(a), Fed. R. Civ. P., is grounded in the principle of public access to judicial proceedings, which emanates from the First Amendment to the United States Constitution.  The Second Circuit has made clear that this requirement "cannot be set aside lightly" and has articulated the factors under which requests to proceed anonymously should be considered.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008).

None of the Sealed Plaintiff factors supports Plaintiff's application to proceed anonymously.  The actual facts alleged by Plaintiff amount to allegations of workplace sexual harassment of the type routinely alleged by plaintiffs proceeding in their own names, and of the type for which this Court and other courts have routinely rejected applications by plaintiffs to proceed anonymously.  Moreover, Plaintiff has not substantiated that he would suffer any harm by proceeding in his real name.  His allegations of alleged harm are made in the most conclusory fashion and are completely unsupported by any evidence.  By contrast, Defendants would be severely prejudiced by allowing Plaintiff to proceed anonymously.  Specifically, this Court and

1

other courts in this Circuit have recognized that the prejudice to Defendants includes (1) the basic unfairness that results when Defendants have had and will have their reputations impugned while Plaintiff hides behind a cloak of anonymity, (2) that anonymity might allow Plaintiff to make false allegations he would not otherwise make, (3) that Defendants might be deprived of as yet unknown witnesses who might step forward with valuable information if they knew the identity of the Plaintiff, and (4) that it can provide Plaintiff with settlement leverage over Defendants.

Although courts have infrequently allowed plaintiffs to proceed anonymously, e.g., where the underlying claims are against the government, address purely legal issues, or involve claims by minors, none of those circumstances are present here. Accordingly, the public interest weighs strongly against Plaintiff's request.

For all of these reasons, as discussed more fully below, the Court should deny Plaintiff's Motion to Proceed Anonymously.

## BACKGROUND

Plaintiff is a former employee of Morgan Stanley & Co. LLC. Plaintiff's employment was terminated and he has filed this litigation alleging sixteen causes of action, including discrimination and retaliation under federal, state, and local laws, certain tort claims, a claim against Defendant Gomez under certain criminal statutes (Thirteenth Cause of Action) and one under the Gender-Motivated Violence Protection Act (Fourteenth Cause of Action).

Plaintiff's Memorandum of Law ("Pl's MOL") ¶ 4(d)(i)) (which forms the basis for the instant application to proceed anonymously) alleges that during his employment, he was subject to "inappropriate comments regarding his sexual orientation." Complaint ("Compl.") ¶ 19. Plaintiff further alleges that Defendant Gomez approached him "from behind and stroked his

shoulders and rubbed his neck," asked Plaintiff to "grab coffee outside of work" and suggested they "get a room." Compl. ¶ 22. Plaintiff alleges that Defendant Gomez "touched Plaintiff at a holiday party by caressing his hands and poking his buttocks on a number of occasions" and asked to leave with Plaintiff. Compl. ¶ 24. Finally, Plaintiff alleges that Defendant Gomez "forced herself onto Plaintiff in a meeting room, attempting to perform oral sex on him by reaching to his groin and trying to unzip his pants." Compl. ¶ 26.

These allegations are false. For present purposes, however, it suffices to say that these allegations fail to provide a basis for Plaintiff to proceed anonymously.

## ARGUMENT

Rule 10(a) of the Federal Rules of Civil Procedure requires that the caption of a Complaint include the names of all parties to the case. Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff, 537 F.3d at 188-89. The public's right of access to judicial proceedings is rooted in the First Amendment. Doe v. Del Rio, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) (Lynch, J.) ("'Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . a right that is supported by the First Amendment, U.S. Constit. amend.") (internal citations omitted). It is Plaintiff's burden "to overcome the strong default rule that parties must proceed under their real names." Doe v. Fedcap Rehab. Servs., No. 17-CV-8220 (JPO), 2018 U.S. Dist. LEXIS 71174, at *7 (S.D.N.Y. April 27, 2018) (Oetken, J.) (denying plaintiff's request to proceed anonymously).

In determining whether to allow a plaintiff to proceed anonymously, district courts must balance the plaintiff's interest in anonymity against both the public interest in disclosure and the potential prejudice to defendants. Sealed Plaintiff, 537 F.3d at 186-87. The Second Circuit

articulated the following non-exhaustive list of factors for courts to consider when balancing these competing interests:

> (1) whether the litigation involves matters that are **highly sensitive** and of a **personal** nature;
>
> (2) whether identification poses a risk of retaliatory **physical or mental harm** to the party seeking to proceed anonymously;
>
> (3) whether identification presents **other harms and the likely severity** of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is **particularly vulnerable** to the possible harms of disclosure, particularly **in light of his age**;
>
> (5) whether the suit is challenging the **actions of the government** or that of private parties;
>
> (6) whether the **defendant is prejudiced** by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the **plaintiff's identity** has thus far been, kept **confidential**;
>
> (8) whether the **public's interest in the litigation** is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the **purely legal nature** of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any **alternative mechanisms** for protecting the confidentiality of the plaintiff.

Id. at 190 (alterations, citations, and internal quotation marks omitted) (emphasis added). "[A] district court is not required to list each of the factors or use any particular formulation as long as…the court balance[s] the interests at stake in reaching its conclusion." Id. at 191 n.4.

Here, Plaintiff has failed his burden to demonstrate that this is the exceptional case in which a plaintiff should be permitted to proceed anonymously. To the contrary, the Sealed

4

Plaintiff factors overwhelmingly weigh against Plaintiff's request to proceed anonymously. Each factor is addressed in turn.

### A. This Matter Is Not Sufficiently Sensitive or Personal to Justify Anonymity.

The first Sealed Plaintiff factor is whether the litigation involves matters that are highly sensitive and of a personal nature. Contrary to his conclusory assertions to that effect, Pl's MOL ¶ 4(a), Plaintiff's allegations are consistent with those alleged in sexual harassment cases that are prosecuted openly in plaintiffs' names every day. See Del Rio, 241 F.R.D. at 160. In Del Rio, Judge Lynch denied the plaintiff's request to proceed anonymously because the allegations – that the defendant "pulled plaintiff…towards him and attacked her sexually, by fondling her breasts, arms, neck and back, kissing her, and rubbing his body against her" – did not constitute "the sort of exceptional circumstances that in and of themselves justify overriding the constitutional presumption of openness." Id. The court noted that requests to proceed anonymously frequently have been rejected, even in cases alleging sexual assault, emphasizing that there is no "categorical answer to the question of anonymity across all civil cases involving sexual assault" and the circumstances of each case must be evaluated. Del Rio, 241 F.R.D. at 160; Doe v. Shakur, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (Chin, J.) (denying plaintiff's request to proceed anonymously despite allegedly being a victim of a "brutal sexual assault" and noting that "[o]ther courts faced with a request by a victim of a sexual assault seeking to prosecute a civil case under a pseudonym have also concluded that the plaintiff was not entitled to do so."); see also Doe H. v. Haskell Indian Nations Univ., 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) ("Courts facing similar actions for sexual assaults or harassment by employers or in university settings have generally required adult plaintiffs to proceed in their own name.").

In this case, Plaintiff's sexual harassment allegations are less severe than those in Del Rio, and this factor weighs against anonymity. Plaintiff's most egregious – albeit false –

5

allegation is that Defendant Gomez "attempted to perform oral sex on Plaintiff DOE by reaching to his groin and trying to unzip his pants." Complaint ("Compl.") ¶ 26. See Del Rio, 241 F.R.D. at 160 (as noted above, denying request to proceed anonymously despite allegations that defendant "attacked her sexually, by fondling her breasts, arms, neck and back, kissing her, and rubbing his body against her"). The relatively less severe allegations weighs against Plaintiff's request to proceed anonymously under the first factor in this case.[1]

### B. Plaintiff Has Not Established That He Will Suffer Any Harm As A Result Of Proceeding Under His Real Name.

Factors two, three, and four of the Sealed Plaintiff analysis focus on whether public disclosure presents a risk of retaliatory physical or mental harm or other harms, and the likely severity of those harms, and whether the plaintiff is particularly vulnerable to the possible harms of disclosure. Sealed Plaintiff, 537 F.3d at 190.

With respect to the second factor – risk of retaliatory physical or mental harm – Plaintiff does not claim that anyone would retaliate against him or harm his physical or mental state if he must proceed in his own name. Instead, Plaintiff claims that his "allegations are so horrid and he is a victim of such extensive sexual abuse that for all of his colleagues and acquaintances to know that he was so badly sexually abused would only serve to further victimize Plaintiff" and he "would be associated with the shame that many men endure after having been victims of sexual abuse." Pl's MOL ¶ 4(b)(i). Because Plaintiff does not allege any specific or present risk of retaliatory physical or mental harm, this factor weighs against Plaintiff's request to proceed anonymously.[2]

---

[1] Plaintiff does not cite his sexual orientation as grounds for proceeding anonymously, nor could he, given his assertion that he is openly gay and married to a man. Compl. ¶ 7.

[2] Notably, Plaintiff no longer works at Morgan Stanley and thus could not face any workplace retaliation from supervisors or co-workers. Moreover, by naming seven individual Defendants

Although Plaintiff's arguments are irrelevant to this factor, they are also without basis and insufficient as a matter of law to allow him to proceed anonymously. Plaintiff offers no evidence or support for the claim that he would be "further victimize[d]" by public disclosure of his allegations. Moreover, "shame" (or, as Plaintiff puts it, being "associated with" "shame") is insufficient to overcome the interests of public disclosure. See Del Rio, 241 F.R.D. at 161 (denying request to proceed anonymously despite claim "that Jane Doe experienced psychological harm as a result of the alleged sexual assault and that disclosure of her identity . . . would exacerbate that harm" because the evidence submitted by plaintiff's therapist failed to establish "any link between public disclosure of plaintiff's name and the described psychological risk to Jane Doe," and having to revisit the alleged traumatic events is an "inevitable consequence of litigation itself" regardless of whether plaintiff proceeds under a pseudonym); Shakur, 164 F.R.D. at 362 (denying plaintiff's request to proceed anonymously despite allegedly being a victim of a "brutal sexual assault" and her claim "that disclosure of her name will cause her to be 'publicly humiliated and embarrassed'" because such claims "are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously"); see also M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) ("The risk that a plaintiff may suffer some embarrassment is not enough" to proceed anonymously) (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)); Doe v. Delta Airlines, Inc., 310 F.R.D. 222, (S.D.N.Y. Oct. 2, 2015) ( Engelmayer, J.), aff'd, 672

---

who obviously know his identify, he has made his identity and his allegations known to many of his former supervisors and co-workers. M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (affirming denial of plaintiff's request to proceed under pseudonym where plaintiff was an inmate who asserted claims for alleged denial of funds for abortion services despite plaintiff's claim that she would be subject to "humiliation, embarrassment and to possible intimidation and retaliation by staff members of the institution where she is detained" because "plaintiff's identity is already known to the state agency and staff.") (cited favorably in Sealed Plaintiff, 537 F.3d at 190).

7

F. App'x 48 (2nd Cir. 2016) ("[C]laims of public humiliation and embarrassment' are generally 'not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously.'") (quoting Shakur, 164 F.R.D. at 362).

The third Sealed Plaintiff factor, whether identification presents other harms and the severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure, also weighs against Plaintiff's request to proceed anonymously. Plaintiff argues that revealing his identity "would only add to his emotional distress, for which he is currently suing as one of the damages he has incurred." Pl's MOL ¶4(c)(i). Again, Plaintiff offers no evidence or support for this claim, just a conclusory statement that this is so. In any event, as noted above, his conclusory claim that public disclosure of his identity would "add" to his alleged emotional distress is insufficient to allow him to proceed anonymously. Moreover, public disclosure of his identity is not "the injury litigated against." Sealed Plaintiff, 537 F.3d at 190. Plaintiff is suing for actions he claims were taken against him during his prior employment at Morgan Stanley. Plaintiff is not suing to preclude the public disclosure of his name, and thus this factor does not support his request to proceed anonymously. Doe v. Atchison Hosp. Ass'n, No. 17-2664-JAR, 2018 WL 324259, at *2-3 (D. Kan. Jan. 8, 2018) (denying plaintiff's motion to proceed anonymously in part because disclosure would not inflict the "injury litigated against" where plaintiff was suing for past actions relating to improper employment-related medical examinations and inquiries and the disclosure of those results, not "to prevent public disclosure of his identity"). Cf. Doe v. Town of Madison, No. 3:09-CV-2005 (JCH), 2010 WL 1330411, at *2 (D. Conn. Mar. 31, 2010) (granting plaintiff's motion to proceed anonymously in part because the injury litigated against – the unlawful release of his identity in violation of the Youthful Offender Statute – would be inflicted by the public disclosure of his identity in the litigation).

The fourth Sealed Plaintiff factor, whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, weighs against Plaintiff's request to proceed anonymously. Plaintiff makes the same conclusory argument for this factor that he did for the third factor – that he should be allowed to proceed anonymously because he is an alleged victim "of sexual abuse and assault." Pl's MOL ¶ 4(d)(i). This argument fails for the reasons set forth above. Plaintiff is not a minor – he is 27 years old and does not present any other legally-cognizable reason why he would be particularly vulnerable to the possible harms of disclosure. This factor weighs against Plaintiff's request to proceed anonymously.

### C. Proceeding Anonymously Is Not Appropriate When Plaintiff Is Suing Private Parties That He Has Named.

The fifth Sealed Plaintiff factor asks whether the plaintiff is challenging government actions, because such suits are not considered to implicate any injury to the government's "reputation," and it is thus more likely that the court would permit a plaintiff to proceed anonymously. Doe v. Frank, 951 F.2d 320, 323-24 (11th Cir. 1992) (cited favorably for this factor in Sealed Plaintiff, 537 F.3d at 190). In actions against private parties, by contrast, the filing of the action alone "may cause damage to [the defendants'] reputation and may also result in economic harm," and, as a result, "[b]asic fairness dictates that" plaintiffs "must do so under their real names." Id. (quoting S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)).

Plaintiff claims without explanation that this factor is "Not Applicable." Pl's MOL ¶ 4(e)(i). In fact, because Plaintiff is suing private parties, this factor weighs against his request to proceed anonymously. Even more, Plaintiff is not just suing his former employer, he has named *seven* individual Defendants, and the Complaint makes extensive and detailed allegations against them – far beyond that required for a short and plain statement of the claim under Rule

9

8(a)(2), Fed. R. Civ. P. The allegations Plaintiff makes against them are false, spurious, and defamatory. In particular, Plaintiff's allegations against Defendant Gomez are an abuse of the litigation process. Plaintiff accuses Defendant Gomez of "[r]ape," "[c]riminal sexual act[s]," and "[a]ggravated sexual abuse" even though his factual allegations do not remotely satisfy the elements of any of these crimes.[3] Having gratuitously (and seemingly maliciously) named these individuals as Defendants, and having made these false, spurious, and defamatory allegations against them – thereby harming their reputations simply by being falsely accused – basic fairness requires that Plaintiff proceed in his own name. Frank, 951 F.2d at 324.

### D. Permitting Plaintiff to Proceed Anonymously Would Unfairly Prejudice Defendants and Compromise the Public's Interest in Fairness.

The sixth Sealed Plaintiff factor, whether the Defendants are prejudiced by Plaintiff proceeding anonymously, weighs heavily against Plaintiff's request because Defendants will be severely prejudiced if Plaintiff is allowed to proceed anonymously.

The law recognizes many forms of prejudice to a defendant in considering whether to allow a plaintiff to proceed anonymously. Here, Defendants are prejudiced by having to defend themselves publicly while Plaintiff prosecutes the case anonymously. As Judge Chin explained in denying a plaintiff's request to proceed anonymously, "[i]f plaintiff were permitted to prosecute this case anonymously, [Defendant] would be placed at a serious disadvantage, for he

---

[3] Plaintiff alleges that Defendant Gomez "attempt[ed] to perform oral sex on him by reaching to his groin and trying to unzip his pants." Compl. ¶ 26. This allegation is false, but regardless, allegedly "reaching to [Plaintiff's] groin and trying to unzip his pants" does not amount to "[r]ape in the first degree," defined as "sexual intercourse" by "forcible compulsion" (Compl. ¶ 118), "[c]riminal sexual act in the first degree," defined as "oral sexual conduct" by "forcible compulsion" (Compl. ¶ 119), or "[a]ggravated sexual abuse in the first degree," defined as "insert[ing] a foreign object in the vagina, urethra, penis or rectum of another person causing physical injury to such person . . . [b]y forcible compulsion" (Compl. ¶ 120).

10

would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity." Shakur, 164 F.R.D. at 361.

Likewise, Judge Kaplan expounded on this point in Doe v. City of New York, where the court denied plaintiff's motion to proceed anonymously, in part because she made serious allegations against two New York City police officers by name in her publicly filed complaint. Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001). The court explained:

> The officers have no lesser interests in their reputations than plaintiff, yet she has shown no solicitude for their privacy, and they were not afforded an opportunity to seek to have their names withheld from the public. If we are to have a policy of protecting the names of individual litigants from public disclosure, there is a very substantial interest in doing so on a basis of equality.

Id.

In addition, remaining anonymous might allow Plaintiff to make false accusations he would not otherwise make if his identity were publicly known. Delta Airlines, Inc., 310 F.R.D. at 225 ("A witness who proceeds under her own name and is subject to potentially rigorous cross-examination may feel more inhibited than a pseudonymous witness from fabricating or embellishing an account."); cf. Fedcap Rehab. Servs., 2018 U.S. Dist. LEXIS 71174, at *5 (lifting a prior order to allow plaintiff to proceed anonymously in part based on prejudice to defendant, noting defendants' argument that by proceeding anonymously, plaintiff might make accusations he or she would not otherwise make).

Similarly, allowing Plaintiff to proceed anonymously while Defendants have been named publicly can provide Plaintiff with an advantage in settlement leverage. Fedcap Rehab. Servs., 2018 U.S. Dist. LEXIS 71174, at *5, 8 ("Allowing Plaintiff to proceed anonymously would put Defendants at a genuine disadvantage, particularly when it comes to settlement leverage" because "[w]hile a publicly accused defendant might be eager to settle in order to get its name

11

out of the public eye, a pseudonymous plaintiff might hold out for a larger settlement because they face no such reputational risk.").

Moreover, as described by Judge Lynch in Del Rio, "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." 241 F.R.D. at 159. In addition, "[c]ourts have expressed concern that maintaining a plaintiff's anonymity could unfairly impede defendant's ability to impeach the plaintiffs' credibility through cross examination and introduction of personal evidence at trial." Id. (internal quotation marks and citation omitted).

Finally, Defendants would be subject to the additional burden and cost of having to seal or redact everything that references the Plaintiff's name. Fedcap Rehab. Servs., 2018 U.S. Dist. LEXIS 71174, at *5, 8.[4]

Plaintiff argues that Defendants are not prejudiced because they "may defend this action equally as well as if Plaintiff proceeded under his real name." However, Plaintiff ignores the case law that recognizes the extensive prejudice and unfairness to Defendants should Plaintiff be

---

[4] Plaintiff's filing is all the more improper because Plaintiff is subject to an arbitration agreement that requires that the claims he asserts in this action be filed in arbitration before JAMS. Defendants will seek to compel Plaintiff's claims to arbitration, and reserve all defenses, including arbitration. Plaintiff, however, filed this motion two days after filing the Complaint, and the Court has set a January 30, 2019 hearing on the motion. Dkt. No. 26. As such, the Court should decide this motion before any other proceedings in this case because Plaintiff has no right to proceed anonymously before this Court, even for purposes of trying to circumvent his arbitration agreement, if he does not meet the stringent test for proceeding anonymously. See Osrecovery, Inc. v. One Groupe Int'l, Inc., No. 02 Civ. 8993 (LAK), 2003 WL 23313, at *1-2 (S.D.N.Y. Jan. 3, 2003) (Kaplan, J.) (in addressing "a host of issues" including a motion to dismiss, "[t]he first question that must be resolved is whether any of the individual plaintiffs should be permitted to proceed under 'Doe' pseudonyms").

allowed to proceed anonymously, and this factor weighs strongly against Plaintiff's request to proceed anonymously.  Pl.'s MOL ¶ 4(f)(i).[5]

### E. The Public's Interest In Open Judicial Proceedings Weighs Against Plaintiff's Request to Proceed Anonymously.

The eighth and ninth Sealed Plaintiff factors focus on the public's interest in the litigation, including whether such interest is diminished because the case involves purely legal issues.  Sealed Plaintiff, 537 F.3d at 190.  These factors weigh against Plaintiff's request to proceed anonymously.  Again, as explained by Judge Lynch:

> There is a significant interest in open judicial proceedings even in ordinary civil litigation between private parties.  Private civil suits, individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms.  Further, where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.

Del Rio, 241 F.R.D. at 159.  These interests weigh against Plaintiff's request to proceed anonymously.  Moreover, this case is not an abstract challenge to public policies or based on purely legal issues, it is based on particular alleged actions and incidents, and the public interest favors requiring Plaintiff to proceed in his real name.

### F. There Is An Alternative Mechanism To Protect Any Actual Privacy Interests That May Arise In The Litigation.

Regarding the tenth and final factor of the Sealed Plaintiff analysis – alternative mechanisms for protecting the confidentiality of Plaintiff – there is no alternative mechanism to conceal Plaintiff's identity, but to the extent Plaintiff's medical information or other particular

---

[5] The seventh Sealed Plaintiff factor is whether Plaintiff's identity has been kept confidential to date.  Although nothing in this litigation has disclosed Plaintiff's identity to date, Plaintiff's identity is known to the seven individual Defendants he has named in this case, and anyone else at Morgan Stanley to whom his internal complaints were disclosed.  See Compl. ¶¶ 30-62.  This factor is neutral at best.

13

private information is at issue, a protective order by the Court will protect the privacy of such information.  Atchison Hosp. Ass'n, 2018 WL 324259, at *3 (denying request to proceed anonymously but noting that a protective order "likely can provide the confidentiality plaintiff seeks" and plaintiff can move to file under seal or redact any documents disclosing his medical condition).

## CONCLUSION

Because Plaintiff has failed his burden to overcome the strong presumption that he should proceed under his real name, the Court should deny Plaintiff's Motion to Proceed Anonymously.

Dated:  New York, New York
       January 18, 2019

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: /s/Kimberly E. Lunetta

Sam S. Shaulson (NY ID  2611457)
Thomas A. Linthorst (NY ID 3991437)
Kimberley E. Lunetta (NY ID 4421301)

101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2019, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system.

Dated:  January 18, 2019            /s/ Sam S. Shaulson
                                                           Sam S. Shaulson