UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                            :
JOHN DOE,                                :
                                            :
                Plaintiff,            :     18cv11528 (DLC)
                                            :
              -v-                  :        ORDER
                                            :
MORGAN STANLEY & CO. LLC, MORGAN    :
STANLEY SERVICES GROUP, INC., CARMEN :
GOMEZ, individually, LILY CHAN,     :
individually, JACQUELINE LUCAS,     :
individually, BRIAN DERBY,          :
individually, LISA SWEBERG,         :
individually, LAUREN KEIGLER,       :
individually, and MICHAEL GREY,     :
individually,                          :
                                            :
                  Defendants.          :
                                            :
----------------------------------------X



USDC SDNY
DOCUM...
ELE...   FILED
DOC...
DATE   MAY 0 1 2019

DENISE COTE, District Judge:

    Plaintiff filed a motion to proceed anonymously on December 12, 2018. The motion was fully submitted on February 1, 2019, and Judge Sweet, who was then assigned to this case, held oral argument on the motion on February 6, 2019.

    As a general rule, parties may not litigate their disputes anonymously. Fed. R. Civ. P. 10(a). But, in certain "sensitive situations, some materials, including the names of parties, may be under judicial seal." In re New York Times Co. to Unseal Wiretap and Search Warrant Materials, 577 F.3d 401, 410 n. 4 (2d Cir. 2009). In Sealed Plaintiff v. Sealed Defendant, the Second Circuit articulated a non-exhaustive list of ten factors courts

should consider when faced with an application to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

537 F.3d 185, 190 (2d Cir. 2008) (citation omitted).

Having examined the parties' arguments in light of these factors, it is hereby

ORDERED that the plaintiff's December 12, 2018 motion to proceed anonymously is denied.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint naming the John Doe plaintiff by **May 10, 2019**.

Dated:    New York, New York
          May 1, 2019

                                                                  _____
                                                                        DENISE COTE
                                               United States District Judge