# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MAHMOUD LATIF,                          )
              Plaintiff,              )
                                 )

-against-                               )
                                 )

MORGAN STANLEY & CO. LLC,               )
MORGAN STANLEY SERVICES GROUP INC.,     )    Civil Case No: 18-cv-11528
CARMEN GOMEZ, individually,             )
LILY CHAN, individually,                )    STIPULATION AND
JACQUELINE LUCAS, individually,         )    PROPOSED ORDER
BRIAN DERBY, individually,              )
LISA SWEBERG individually,              )
LAUREN KEIGLER, individually, and       )
MICHAEL GREY, individually,             )
                                 )
            Defendants.           )

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/19

WHEREAS, on March 19, 2019, Defendants Morgan Stanley & Co. LLC, Morgan Stanley

Services Group Inc., Carmen Gomez, Lily Chan, Jacqueline Lucas, Brian Derby, Lisa Sweberg,

Lauren Keigler, and Michael Grey ("Defendants") moved to compel arbitration of Plaintiff

Mahmoud Latif's ("Plaintiff") claims pursuant to a written arbitration agreement.  (DE# 43).

WHEREAS, in their Memorandum of Law in support of their Motion to Compel

Arbitration, Defendants argued, *inter alia,* that the Court should compel the question of whether

Plaintiff's sexual harassment claims are arbitrable to arbitration pursuant to the parties' express

agreement (DE# 44).

WHEREAS, on May 3, 2019, Plaintiff opposed Defendants' Motion to Compel Arbitration,

arguing that the Court, not an arbitrator, should decide the question of arbitrability of Plaintiff's

sexual harassment claims.  (DE# 42).

WHEREAS, Plaintiff and Defendants have a mutual interest in efficiently and expeditiously

resolving unnecessary disputes to streamline Defendants' Motion without otherwise waiving any rights they may have.

It is HEREBY STIPULATED AND AGREED, with respect to Defendants' Motion to Compel Arbitration (DE# 43):

1. That the Court, and not an arbitrator, shall decide whether Plaintiff's sexual harassment claims as set forth in the First Amended Complaint are precluded from arbitration by CPLR §7515; and

2. That the parties' submission to the Court of the issue of arbitrability of Plaintiff's sexual harassment claims as set forth in Paragraph 1 above shall not operate as a waiver of any other right they may have in this or other matters, including, but not limited to, any right they may have to compel arbitration of any issues, claims, or disputes, or to compel arbitration of any other issue of arbitrability.

AGREED AND CONSENTED TO:

| **DEREK SMITH LAW GROUP, PLLC** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| *Ave Mel* | /s/ Kimberley E. Lunetta |
| Abraham Z. Melamed, Esq.,<br>1 Penn Plaza, Suite 4905<br>New York, NY 10119<br>Tel: 212.587.0760<br>Abe@dereksmithlaw.com<br>*Attorneys for Plaintiff* | Kimberley E. Lunetta<br>101 Park Avenue<br>New York, NY 10178<br>Tel: 212.309.6000<br>Kimberley.lunetta@morganlewis.com<br>*Attorneys for Defendants* |
| Dated: May 10, 2019 | Dated: May 10, 2019 |

IT IS SO ORDERED

Dated: ___5/15/19___          _____
                              The Honorable ~~Denise Cote~~ JOHN KOELT
                              United States District Judge

                              Part I